IN THE SUPERIOR COURT OF DELAWARE

| | | |
|---|---|---|
| BRIAN F. DOUCETTE and<br>MICHELE L. DOUCETTE, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | C.A. No. K17C-10-007 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| JENNIFER L. LARUSSO, D.O. | : | |
| THOMAS J. BURKE, D.O. and | : | |
| BURKE DERMATOLOGY, P.A. | : | |
| a Delaware Corporation. | : | |
| | : | |
| Defendants. | : | |

## ORDER

Submitted: December 6, 2017
Decided: December 13, 2017

### Upon Review of the Affidavit of Merit

This matter involves a healthcare negligence suit filed by Plaintiffs Brian Doucette and Michele Doucette ("Plaintiffs") against Defendants Jennifer L. Larusso, D.O., Thomas J. Burke, D.O., and Burke Dermatology, P.A. (hereinafter collectively "Defendants"). Plaintiffs allege negligent medical care arising from treatment in October 2015. Their claims include direct claims for medical negligence against all three defendants, as well as Defendant Burke Dermatology, P.A.'s alleged vicarious liability for negligent treatment by the two individual doctor defendants. Defendants Thomas J. Burke, D.O., and Burke Dermatology, P.A., move for the Court to review

the affidavit of merit filed in this case for sufficiency against all Defendants.[1]

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe that each defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit of merit must be filed under seal, but a defendant may request an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[5] The Supreme Court has noted that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[6] As a result, the requirements for the affidavit of merit are "purposefully minimal."[7] An affidavit of merit that tracks the statutory language complies with the statute.[8]

As requested, upon an *in camera* review of the affidavit of merit and the expert

---

[1] These Defendants move for the review in their own right, and separately because they are alleged to be vicariously liable for Defendant Jennifer L. Larusso, D.O.'s alleged negligence.

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* at § 6853(c).

[4] *Id.* at § 6853(c).

[5] 18 *Del. C.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Id.*

[8] *See Dishmon*, 32 A.3d at 342.

2

witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae*.

3. The expert is currently licensed to practice medicine.

4. The expert is board certified in dermatology.

5. The expert has been treating patients in the same field as the three Defendants for over three years preceding the alleged negligence, including the three years immediately proceeding the alleged negligent conduct.

6. The affidavit states that reasonable grounds exist to believe that all three Defendants breached the applicable standard of care while treating the Plaintiff and that the breaches were a proximate cause of the Plaintiffs' injuries.

It therefore follows that the affidavit of merit complies with 18 *Del. C*. § 6853(a)(1) and (c) as to all three Defendants.

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Judge

3